## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **FRASIER HEALTHCARE** | § | |
| **CONSULTING, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:18-cv-00915-O** |
| | § | |
| **KNOX COMMUNITY HOSPITAL** | § | |
| | § | |
| **Defendant.** | § | |

## FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), plaintiff, Frasier Healthcare Consulting, Inc. ("**FHC**" or "**Plaintiff**"), files this First Amended Complaint against defendant, Knox Community Hospital ("**Knox**" or "**Defendant**") and respectfully shows the Court as follows.

### I.
### PARTIES

1.      Frasier Healthcare Consulting, Inc. is a Texas corporation with its principal office in Tarrant County, Texas.

2.      Knox Community Hospital is an Ohio corporation with its principal office in Mt. Vernon, Knox County, Ohio.  Knox has answered and appeared in this lawsuit.

### II.
### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1441(c).

4.      Venue is proper in Tarrant, County because the parties contractually agreed to exclusive venue in Tarrant County and Knox waived any objection to venue laying in Tarrant County.

**III.**
**BACKGROUND FACTS**

5.      FHC provides various services to healthcare clients including accounts receivable "**A/R**") collections, billing, assessments and providing interim business office personnel.  Knox is a hospital located in Mount Vernon, Ohio.  FHC and Knox executed an Interim Services Contract, with addenda, (collectively, the "**Agreement**") wherein FHC would provide these services to Knox.

6.      The Agreement requires Knox to "assign [to FHC] one hundred (100%) of all Accounts Receivable valued at $3,500.00 or under in total balance as well as any and all additional accounts [Knox] chooses to assign . . . beginning May 21st 2018."  FHC then provides services to Knox to collect the assigned A/R accounts.  FHC is compensated for recovered A/R accounts on a contingency basis.  FHC is entitled to ten percent (10%) of the A/R balance for recovered accounts or six dollars ($6.00) for any A/R account which is brought to resolution without actual cash being posted.

7.      Knox is further obligated to provide to FHC weekly payment reports on all cash posted on any A/R account assigned to FHC and monthly "aged trial balance" reports.  These reports enable FHC to calculate the commissions and fees owed to it for recovered A/R accounts. Additionally, FHC was provided dial-in access to Knox's electronic patient accounting system wherein FHC could track payments on the assigned A/R accounts.

8.     On or about September 7, 2018, Knox inexplicably ceased paying FHC's commissions and fees.  Based on the weekly payment reports received to date, FHC is owed approximately $72,871.00 for work performed through September 11, 2018.  Knox's failure to pay is a clear violation of the Agreement.  Around that time, Knox also stopped providing weekly payment reports and monthly aged trial balance reports to FHC.  FHC could no longer calculate the commissions and fees owed to it for recovered A/R accounts.  FHC has not been paid for work performed for Knox on assigned A/R accounts since September 11, 2018.

9.     During this time, FHC began closely tracking the assigned A/R accounts on Knox's dial-in patient accounting system.  On at least twenty different occasions, Knox removed FHC as the designated assignee on A/R accounts just before the accounts were paid.  Knox apparently changed this designation to avoid paying FHC's earned commissions on those recovered accounts.  Knox concurrently prevented FHC's collection of assigned A/R accounts by failing to allow FHC continued access to Medicare's Direct Data Entry ("DDE") system.  As a result, FHC was unable to collect A/R accounts that were improperly submitted in the DDE system.  Collectively, these practices improperly interfered with FHC's recovery of commissions and fees owed pursuant to the Agreement.

10.     Rather than comply with the terms of the Agreement it signed, Knox alleges that it overpaid FHC and that FHC is not entitled to commissions and fees for all recovered A/R accounts assigned to FHC.  This is contrary to the express terms of the Agreement.  Thus, a justiciable controversy exists between FHC and Knox with respect to the Agreement.  FHC respectfully requests that the Court interpret the Agreement between FHC and Knox and declare that FHC is not liable to Knox for any overpayments or overcharges and that FHC has complied with all terms of the Agreement.

## IV.
## CAUSES OF ACTION

### A.   Breach of Contract.

11.   FHC re-alleges and adopts the allegations contained in all prior paragraphs.

12.   The Agreement is a valid and subsisting contract.  FHC fully performed under the Agreement.  Knox breached the Agreement by failing to pay FHC's commissions and fees for recovered A/R accounts assigned to FHC and preventing FHC from recovering assigned A/R accounts.  Knox further breached the Agreement by failing to provide FHC with weekly and monthly payment reports.

13.   As a direct and proximate cause of Knox's breaches, FHC seeks to recover its actual damages including expectation and reliance damages, pre-judgment and post-judgment interest, court costs, and attorneys' fees under TEX. CIV. PRAC. & REM. CODE § 38.001 and the Agreement.

### B.   Request for Declaratory Relief.

14.   FHC re-alleges and adopts the allegations contained in all prior paragraphs.

15.   Section 37.004(a) of the Texas Civil Practices & Remedies Code provides that a person "whose rights, status or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relation thereunder."

16.   A justiciable controversy exists between FHC and Knox as to the interpretation of provisions contained in the Agreement.

17.   In light of the foregoing, FHC respectfully invokes the authority of this Court under section 37.004 of the Texas Civil Practice & Remedies Code to provide FHC with relief

under the statute by declaring that FHC is not liable to Knox for any overpayments or overcharges and that FHC has complied with all terms of the Agreement.

18.    As a direct and proximate result of the dispute, FHC was required to retain the law firm of Kelly Hart & Hallman LLP to prosecute this action. Accordingly, FHC is entitled to recover reasonable and necessary attorney's fees incurred in this suit pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009 and the Agreement.

**C.    Attorneys' Fees.**

19.    FHC re-alleges and adopts the allegations contained in all prior paragraphs.

20.    Pursuant to Paragraph 11 of the Agreement, FHC is entitled to recover and hereby seeks its reasonable and necessary attorneys' fees, costs and disbursements incurred in bringing this action.

**V.**
**CONDITIONS PRECEDENT**

21.    All conditions precedent to FHC's claim for relief have been performed or have occurred.

**VI.**
**JURY DEMAND**

22.    FHC demands a jury trial.

**VII.**
**CONCLUSION & PRAYER**

FHC prays that upon hearing hereof, the Court award it the following relief:

a.    Award FHC its actual and economic damages including expectation and reliance damages;

b.    Declare that FHC is not liable to Knox for any overpayments or overcharges and that FHC has complied with all terms of the Agreement;

c.    Award FHC all attorneys' fees and all costs associated with this lawsuit;

d.      Award FHC pre-judgment and post-judgment interest at the highest rate allowed by law; and,

e.      Award FHC such other and further relief, general or special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ W. Chase Medling*
Preston R. Mundt
State Bar No. 24058465
preston.mundt@kellyhart.com
W. Chase Medling
State Bar No. 24073061
chase.medling@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR PLAINTIFF FRASIER HEALTHCARE CONSULTING, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2018, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for Northern District of Texas, using the CM/ECF system and served the forgoing by CM/ECF on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Michael C. Lee
mlee@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659

Kris Dawley
kris.dawley@icemiller.com
Daniel Culicover
daniel.culicover@icemiller.com
ICE MILLER LLP
250 West St., Suite 700
Columbus, Ohio 43215

**Attorneys for Defendant**
**Knox Community Hospital**

*/s/ W. Chase Medling*

---

**FIRST AMENDED COMPLAINT**                                                                 **PAGE 7**
2798949_1